Brown, District Judge.
By the petition and return upon the writ of habeas corpus in the above matter, it appears that four of the petitioners arrived at this port as immigrants on the 14th of June, 1892; and seven others on the 14th of July. Upon the customary examination, no objection to their landing appearing, they were allowed by the immigration inspectors to land at New York. On the 17th of July they returned to Ellis island for the purpose of procuring immigrant tickets for transportation to North Hector, N. Y., at the reduced rates allowed to immigrants; and it being then learned that they had come to this country under a contract to labor on a railroad at North Hector at $1.25 per day, they were arrested by the inspectors of immigration, and their affidavits being taken in proof of the above fact, they were held in custody to be returned upon the vessels by which they came. A writ of habeas corpus was applied for on the ground that having been allowed to land unconditionally, they were no longer subject to the jurisdiction of the superintendent or inspectors of immigration, and were unlawfully detained by them.
By section 11, Act March 3,1891, (26 St. at Large, p. 1084; 1 Supp. Rev. St., 2d Ed., 937,) it is provided that “any alien who shall come into the United States in violation of law may be returned as by law provided at any time within one year thereafter.” Nothing else in this .act states by whom, or how, or by what proceeding such return is to be effected. The phrase “as provided by law” undoubtedly refers, therefore, to the provisions of the act of October 19, 1888, on the same subject, (25 St. at Large, p. 565; 1 Supp. Rev. St., 2d Ed., 633.) The first section of this act authorizes the secretary of the treasury, in case he “shall be satisfied that an immigrant has been allowed to land contrary to the prohibition” of the act of February 23, 1887, “to cause such immigrant within a period of one year after landing or entry to be taken into custody and returned to the country from whence he came.” The .act of October 19, 1888, is declared to be an amendment to the act of February 23, 1887, (24 St. at Large, p. 414; 1 Supp. Rev St., 2d Ed., 541;) and the latter act amends the act of February 26, 1885, (23 St. at Large, p. 332; 1 Supp. Rev. St., 2d Ed., 479,) “to prohibit the *294 importation and immigration of foreigners and aliens under contract or agreement to perform labor.” In the act of 1887, above cited, it is made the duty of the officers designated by the secretary of the treasury to examine immigrants, “and if in such examination there shall be found among such passengers any person included in the prohibition of this act * * * such person shall not be permitted to land.” By the same act the secretary of the treasury was authorized to establish regulations, rules, and instructions carrying out the provisions of the act “for the return of the aforesaid persons to the country from whence they came.”
All the acts prior to that of October 19, 1888, had reference to proceedings before the immigrants were finally landed and passed. The-act of 1888 first authorized the secretary of the treasury, within a year after the immigrant had been allowed to land, to cause him tó be taken into custody and returned, in case the secretary should be satisfied that he had been allowed to land contrary to the provision of the act of 1887. The act of March 3, 1891, does not create any new authority, either to-arrest or to return immigrants, but provides by section 11 additional means for the expense thereof. Section 1 of the act of 1891 has no application, in my judgment, to the class of contract laborers, but only to-assisted immigrants, and to the classes previously named; but the assisted immigrant is not within the prohibition of section 1, if it appears-satisfactorily on special inquiry that he does not belong to either of those foregoing classes, or to the class of contract laborers. Section 8 of the act of 1891 has reference to proceedings taken before immigrants are allowed to land, and not to any proceedings for the recapture of such as have once been passed and landed.
The authority, therefore, to cause the arrest for deportation of immigrants who have once been passed and landed, on the ground that they have come here in violation of law, must be found in the act of October 19, 1888, above cited. This act, being an amendment to the act of February 23, 1887, must be construed in connection therewith, and as-a part of the act of 1887. The general authority of the secretary of the treasury to establish regulations and rules for the return of immigrants, comimg here unlawfully, to the countries from which they came, as provided by sections 7 and 8 of the act of 1887, are, therefore, applicable to the execution of the authority given to the secretary of the treasury by the act of 1888. It is not necessary that he should act personally in the one class of cases more than in the other. But in order to authorize either the superintendent or the inspectors of immigration to take into custody immigrants who have been previously passed and allowed to land, and who may be anywhere within the country, it is-necessary that the secretary of the treasury should give those officers due authority to act, either by general regulations, or else by special instructions in individual cases; for there is nothing in the statutes authorizing those officers to proceed to arrest immigrants once passed and landed, except through some such direction or authority from the secretary of the-treasury.
*295 In the present case the general regulations and instructions have heen recalled for revision by the secretary of the treasury, and copies thereof were not at hand to be produced at the hearing of this matter, in order to ascertain whether they contained sufficient authority or not. But a special letter of instructions has been issued to the superintendent of immigration during the pendency of these proceedings, “approving the course” pursued by him in the arrest of the petitioners, and directing him “to proceed to effect the return of the immigrants to the country from which they came.” This direct instruction is a sufficient authority. The affidavit signed by the petitioners voluntarily, after the contents thereof had been carefully interpreted to them, shows clearly that they came here under a contract or promise of labor at $1.25 per day, and therefore, in violation of the act of 1885, and unlawfully. By the amendment of 1887, therefore, they became liable to be returned without being permitted to land, and under the act of 1888 they were liable, within one year after being permitted to land, to be arrested and returned. The proof of the facts being clear, and the personal direction of the secretary of the treasury that they be returned, and his ratification of the previous proceeding, being explicit, I am compelled to dismiss the writ, and to remand the petitioners accordingly.